Judge in this case it's very clear that the respondent entered the United States in 2004 and then in 2013 is when the NTA was issued and filed. As a result the 10 years at that time did not accrue for this respondent petitioner. So he was not eligible at the time for cancellation removal. Had the law of NIS or Pereira been available for Singh v. Garland or any of the new cases that have come out in the past two years. So had those cases have been available a respondent would have been able to do cancellation removal, apply for cancellation removal and pursue that angle of relief. So we're asking that the court allow him to be back in the had those rules existed and that would be that there's no stop time issue here because the NTA is defective. And thus he now wishes to go back and the case should be remanded to the board. And so far as any equitable tolling or any other arguments that got raised by the government they'll be dismissed because this is more like a notice issue and a change circumstance issue because of the law change. And the law being all changed completely in favor of the court and the Supreme Court in favor of the respondent. Obviously some board decisions are not in their favor but the Ninth Circuit and the Supreme Court are in favor with the cases that I've just discussed and therefore I ask that the court remand this to the board for those issues. Thank you, Your Honor. All right. Thank you very much. Let's hear from the government. May it please the court. My name is Jesse Lorenz and I represent the Attorney General of the United States. This court should deny this petition for review. As an initial matter petitioner waives review of two dispositive reasons the board denied his motion to reopen. In particular, he does not in his opening brief challenge the board's determination declining to toll the filing deadline for his motion to reopen or the board's alternative conclusion that even if timely his motion was not as required supported by newer previously unavailable evidence. These determinations are both independently dispositive of his motion to reopen and for this reason the court may deny this petition for review on waiver grounds alone. Let me ask you a question please. I'm looking at the board's decision. The first full paragraph on page two where it states moreover we note that the assertions made by the respondent in his motion that the NTA did not vest jurisdiction to the immigration court nor triggered the stop time rule for cancellation of removal or foreclosed by two decisions issued by the board in August of 2018 and May of 2019. And then it goes into at least one of those decisions saying this intervening decision forecloses the respondent's argument that he has the requisite minimum of 10 years of continuous physical presence in the US and is eligible for cancellation of removal. Do you agree that those statements are legally incorrect in light of Pereira and Chavez? Well, at the time they were they were correct and I would say as initial threshold matter he has to because his motion to reopen But you agree they are legally incorrect in light of Pereira and Chavez, correct? Well, I would say now I mean there is he does have an argument regarding the 10 years for continuous physical presence in light of Chavez. But again this court allowed him a chance to file a supplemental brief on that issue and he did not respond to that order. So I think any argument towards Chavez should be considered abandoned by this court. I mean he didn't he didn't respond given the opportunity to. I mean I think there's again the threshold issue here is because his motion to reopen. But he argued he argued the point in his opening brief that the law had changed such that he now met the 10 years continuous presence requirement for cancellation, correct? Well, when he filed his opening brief Nez Chavez hadn't been issued yet and the law was actually not in his favor at that time. At that time the board precedent was that the continuous physical presence could be terminated by a subsequently filed hearing notes specifying the date time and place of the hearing. Now I'm not arguing that that law is still good law that that has been overruled by Nez Chavez which is clear that the 10-year period is only triggered by an NTA that specifies the date time and place of the hearing. But that being said he was afforded the opportunity to respond to this court's order regarding Nez Chavez and he did not take that opportunity. I would also note that again the threshold matter here is the timeliness of his reopen. If he doesn't show that that timing deadline should be forgiven there's nothing for the else for the support to consider really. I mean he didn't try to file or satisfy any statutory exceptions to the filing deadline. He didn't satisfy attempt to satisfy any regulatory exception. All he's got left is equitable tolling. But where is where is the requirement that someone has to file a motion to reopen based on a legally foreclosed argument? You're saying oh he should file back in what 2014 when the original am I getting my dates right? Sorry there's so many cases today. But you know he didn't have that argument the IJ decision was March 20th of 2014 appeal to the BIA was dismissed July 16, 2015. He didn't have these arguments available to him because Pereira was 2018 and Nez Chavez was 2021. Well I think if this if this I guess I'm unclear on why is someone obligated to file a motion to reopen based on at the time what would be potentially legally frivolous grounds. Sure but the statute is is very clear that a motion to reopen must be filed within 90 days to be on time and there are certain statutory exceptions and there's no statutory exception for a change in case law. Now he could ask for Swiss 5k reopening or he could ask for equitable tolling of the filing deadline but the board concluded that he didn't show an exceptional circumstance. Now I would note the Supreme Court cases in Obudu and Doherty or Doherty I'm not sure. But their basis their basis for finding that he didn't show the circumstance and necessary for equitable tolling you would concede they were based on on legal propositions that are totally invalid now after Pereira and Nez Chavez. No I disagree with that your honor because I think the the the second page of the board's decision I think is can be separated from the first page. The first page is all about equitable tolling and now if you look at the case they cite that Crosby case in the Supreme Court basically says that a change in case law subsequent to a closed proceeding isn't necessarily an extraordinary circumstance justifying equitable equitable tolling and I think the Supreme Court. So you're not saying that was a categorical rule are you are you saying that's a categorical rule that it could never I'm not saying it can never equitable tolling is kind of a very discretionary determination I mean it essentially is an end around of the rules that say a motion to reopen must be filed within 90 days that statutory rule there is equitable tolling to it but he has to show under Supreme Court precedent extreme circumstance and all I'm saying here is that he hasn't demonstrated that and I would note this court's law regarding the stop time rule wasn't foreclosed against him and until 2015 when Muscoso Castellano was issued before that there was kind of an open question because this court had case law that was kind of contradicting it's not contradicting but dealt with different things in different contexts so it wasn't entirely clear and also I would say people have been raising challenges to the board's precedent matter of Camarillo that's why we ended up with Pereira that's why we ended up with Neshadvez so these issues could have been raised he just did not raise them until well after the and I think the statute if anything favors finality in this proceedings that's why motions to reopen the Supreme Court has held that you have a heavy burden to show reopening especially where it's untimely you have to then satisfy that threshold issue and I just don't think he's presented really anything here to satisfy that and again he's waived these issues before this court his brief only discusses the case law of Pereira it doesn't discuss him satisfying any exceptions to this timeliness rule and that's really where the crux of this case falls I think would you agree that the board's decision was factually wrong about the unavailability of his marriage that took place three months after the immigration judge's order well again uh the board I mean while his appeal was pending before the board he got married then subsequent to that appeal being denied he filed the motion to reconsider he was married at that time it was then because he's filing another motion to reopen or a motion to reopen outside of the filing deadline he has to show that um there's some newer previously unavailable evidence this apparently was a long-running relationship um and in 2018 it was on him to demonstrate that this evidence was newer previously unavailable I think specifically the hardship evidence it's hard for him to show that here because of the the nature of their relationship um this and according to him this isn't really a new medical or condition for his partner or spouse I should say but if you look at his motion to reopen before the board he specifically raised his marriage and provided exceptional and extremely unusual hardship letters of support and other documentation right right and I'm not saying he didn't provide that but it was his burden to show that was previously unavailable um and I don't think he he did that because he didn't show that it wasn't available to him when he was before the immigration judge in 2014 or before the board I mean his appeal was pending before the board for okay wait how could he show you know the immigration judge's decision was what March 20th of 2014 he gets married June 13th of 2014 how how no I guess during a marriage that hadn't happened yet and wouldn't happen for three months should have been still presented to the immigration judge I'm just a little bit unclear on that my point is that while his case was pending before the board he got married right so he could have filed a motion to remand at that time subsequent to the board's decision he was he was had been married for a while at that point he filed a motion to reconsider subsequent to the board's initial decision he didn't bring up that evidence at that time either not until 2018 did he bring up that evidence I guess that's the point okay I'm looking at two different ninth circuit decisions um rejecting the government's argument that information was previously available because it became available during the pendency of the appeal to the BIA Boston B-H-A-S-I-N versus G-O-E-L versus Gonzalez 490 F-3rd 735 pin site is 738 evidence concerning events that did not occur until after the immigration judge hearing qualifies as previously unavailable so what I'm a little bit unclear on what your what your argument is regarding him getting married after the immigration judge's hearing sure I guess my point is is that this the evidence it was his burden to show was new or previously unavailable and I don't think he's made any effect in this motion and I would say again as a threshold matter is the the motions on timely he had to show that equitable tolling was warranted and that that evidence doesn't go to equitable tolling so at the end of the day I think the important takeaway is that the motion to reopen is on timely the statute and the Supreme Court case law favors finality he didn't look for a statutory or regulatory exception he needed to ask for equitable tolling and the board acted with its discretion and declining to do that if there's no further questions on our your honors I think that um the court should deny this petition for review all right thank you counsel thank you is there something he's still on the phone yes I'm here all right do you wish to add anything to your argument today no judge I'll submit all right thank you very much the matter is submitted I thank both sides for your argument
judges: NGUYEN, KOH, Bataillon